CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
April 08, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Jesse Creater, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 7:25-cv-00148 |
| | ) |
| Richard Alsbrook *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND DISMISSAL ORDER**

Plaintiff Jesse Creater, an incarcerated individual proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983.  Creater's original complaint named three defendants in its caption and stated that inmates at Southwest Virginia Regional Jail ("Jail") were being denied out of cell time in violation of Virginia state law. (Dkt. 1.)  Creater then submitted an amended complaint naming only Richard Alsbrook, the Jail's Superintendent, as the sole defendant. (Dkt. 6.)  Creater submitted the financial documentation and consent to collection of fees form required to support his application to proceed *in forma pauperis*.

While the court finds that Creater qualifies to proceed without prepayment of fees or costs, it also finds that the now operative complaint in this action fails to state any viable claim upon which relief can be granted.  Accordingly, the court grants the *in forma pauperis* application but dismisses this action without prejudice *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).

-1-

## I. Standard of Review

The court must dismiss a complaint filed in forma pauperis "at any time" the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). This statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

While the court will construe Creater's *pro se* complaint liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), his complaint must state a right to relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678.

## II.     Analysis

Here, Creater's amended complaint fails to state a claim upon which relief could be granted.

Creater complains that inmates are denied four hours of out of cell time as mandated by Virginia Code § 53.1-39.2(d).  He contends that inmates are permitted only one hour of out of cell time and that this time is insufficient to let inmates use the limited phones available.  A civil rights suit brought pursuant to 42 U.S.C. § 1983 must assert a claim of a violation of constitutional rights or a violation of federal law.  A claimed violation of state law does not state a viable § 1983 claim.  *Clark v. Link*, 855 F.2d 156, 163 (4th Cir. 1988) (holding that a "section 1983 claim can only be sustained by allegations and proof of a violation of the Constitution or statutes of the United States and specifically may not rest solely on a violation of state statutes or qualify as a common law tort.").  Although Creater refers to a violation of the Constitution generally, he does not specify what provision of the Constitution he alleges is violated, and thus the claim is too vague to establish a plausible claim of entitlement to relief.

Additionally, the only defendant named in the amended complaint is Alsbrook, the Supervisor of the Jail.  Creater seeks to hold him responsible for the alleged violation because he is "legally responsible" for the events at the Jail.  (Dkt. 6 at 2.)  Creater does not allege any personal involvement of Defendant Alsbrook in creating or enforcing the complained-of policy.  Liability under § 1983 is personal and may not be based upon *respondeat superior*.  *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions,

has violated the Constitution."). Creater does not describe any of Alsbrook's actions that would support his direct liability or supervisory liability.

Finally, the amended complaint does not mention the formerly named defendants Chad Kilgore and Todd Tatum in its case caption or substantive content.[1] With no allegations supporting any claim against these defendants, they should be dismissed from this action. *See Harris v. City of Virginia Beach*, 11 F. App'x. 212, 214–15, 217 (4th Cir. 2001) (upholding dismissal of five defendants because of lack of allegations of personal involvement).

### III.    Conclusion and Order

For the foregoing reasons, the court **GRANTS** the application to proceed *in forma pauperis*, but **DISMISSES** the complaint **without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b). The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Dismissal Order to Creater.

**IT IS SO ORDERED.**

**ENTERED** this 8th day of April 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE

---

[1] The original complaint also did not specify actions of Kilgore and/or Tatum.